Seward, J. (orally).
This case is submitted to the court upon a general demurrer to the petition. Tt is an action brought by Jones v. Jaeger et a] *207 to recover a certain sum of money, damages for breach of contract. The petition in substance alleges that on the 15th day of February, 1903, Jones received from the defendants, in exchange for certain real estate, fifty shares of the preferred stock of the Columbus Ice & Cold Storage Company; that said-stock, was in two certificates numbered ten. and eleven on the books of the said company, and was of -the par value of five thousand dollars. At the time of this transaction, on the 15th day of February, lj)03, the defendants entered into a contract with the plaintiff whereby -the defendants guaranteed that the semiannual dividends of three per cent, on said stock, payable on the second days of January and July of each year, for a term of five years from February 14th, 1901, would be paid by said, company, and that on the failure of said company to pay said dividends as they became due that -the defendants would pay the same -to the plaintiff; that the defendants further agreed that at the end of a term of five years from February 14, 1901, on demand made by the plaintiff, they would pay the plaintiff, on surrender' of said certificates, the par value thereof, with any accrued -dividends that might be unpaid; that the object and intent thereof whs that -the said defendants did thereby guarantee to plaintiff, or to the legal holder of the said stock, the regular semi-annual dividends of three per cent., and that. plaintiff or such holder of said.stock should have the option at the end of February 14, 1906, to elect to keep the said stock without guarantee, or to receive in cash the par value thereof; that about the last of January or the first day of February, 1906, the plaintiff notified the defendants, in writing, that he demanded on February 15, 1906, in cash, the par value of said stock, together with any dividends that might be accrued thereon, - and offered to surrender to the defendants his certificates for said stock, and further notified the said defendants that he was at said time in the state of California, and' that upon his return to the state of Ohio he would expect the payment in cash of said sum of five thousand dollars, in accordance with said contract. He further alleges that he returned about May 1, 1906, three or four months after the time for the tender of this stock, and his right to receive the five thousand dollars in lieu of the stock *208 which he had held up to that time; that then he tendered the. stock to the defendants, and demanded the five thousand dollars; that they made some representations to him by which lie was induced to withdraw the tender, and still continue to keep the stock.
Fraud is alleged in that the representations were made to him fraudulently, and that they paid dividends, not out of earnings of the company, but from some other source, and that he ivas induced to keep the stock.
Under the contract, as the court views- it, it was the duty of Mr. Jones, five years after February 14, 1901, to appear at the place of business of the defendants and make his demand for the five thousand dollars; and not only to maim his demand for the five thousand dollars, but to then tender the stock back to Jaeger; that he was entitled to receive the five thousand dollars at that time; that they were entitled to the certificates of stock, and that they should be transferred back to them, so that they could handle them after that time.
Mr. Jones does not allege in the petition that, at that time, he tendered them back the stock, or at the end of the five-year period from February 15, 3901, which would be February 14, 1906.' He nowhere alleges that at that time he demanded the five thousand dollars, or tendered the stock.
The court thinks this demurrer is Avell taken, and it may be sustained, and exceptions.